IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PHILLIP GRIGALANZ,

    Petitioner,

vs.                                       CIVIL NO. 17-cv-1373-DRH

SHERIFF JERSEY COUNTY JAIL,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in Graham Correctional Center, brings this action to challenge certain aspects of his state criminal proceedings. Petitioner originally brought this action in the Northern District of Indiana on November 24, 2017. (Doc. 1). On December 18, 2017, the case was transferred into this district because Petitioner raised issues related to his criminal proceedings in Jersey County Illinois, part of this District. (Doc. 3).

## The Petition

The first document in this case is a "Motion for Writ of Certiorari," filed on November 24, 2017. (Doc. 1). In that document, Petitioner describes himself as "Appellant" and states he is making an interlocutory appeal from the Jersey County Circuit Court. (Doc. 1, p. 1). Specifically, Petitioner raises the issues of 1) whether the investigation leading to his arrest was reasonable; and 2) whether being charged with the highest offense level constitutes cruel and unusual

punishment. *Id.* Petitioner requests that the Court enter an order to stay further criminal proceedings and assume the mantel of trier of fact. (Doc. 1, pp. 1-2).

Contemporaneously with Doc. 1, Petitioner also filed an "Emergency Motion for Order to Abey [sic] trial." (Doc. 2). That document requests that the Court "issue an ex parte order upon the Jersey County Circuit Court to belay all further adjudication during the course of matters before this Court." (Doc. 2, p. 1). Petitioner goes on to state that without an order from this court, the trial court will issue an "unjust" and unconstitutional order on matters outside of the trial court's jurisdiction. *Id.* Petitioner also vaguely alludes to a related civil matter with related civil parties. *Id.* He repeats his request that this Court issue an order staying state court proceedings. *Id.*

The Court will also take judicial notice of certain facts from Jersey County Records, Case No. 15-cf-188. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F.Supp.2d 926, 960 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). After the Petition was filed, but before this case was transferred to this district, Petitioner entered a guilty plea in his state court case on November 27, 2017. It appears that Petitioner was sentenced on December 4, 2017; he is currently in the Illinois Department of Correction's custody at Graham Correctional Center. On December 14, 2017, Petitioner filed a motion to withdraw guilty plea. A hearing is set in the state court on January 9, 2018.

On December 26, 2017, Petitioner filed a Petition for Emergency Injunction in this case. (Doc. 7). In that document, Petitioner concedes that he initiated this federal action in order to get a retrial of his Jersey County, Illinois case. (Doc. 7, p. 1). Petitioner also stated that the state court judge declined to stay his criminal proceedings on the basis of this action. *Id.* Petitioner alleges that Jersey County Sheriff's deputy Jason Huitt told Petitioner that legal files containing exculpatory evidence and evidence of wrongdoing on behalf of Jersey County officials would be destroyed on January 3, 2018. *Id.* Petitioner states that he has a right to federal proceedings because he is an Indiana resident and he is being tried in the State of Illinois. *Id.* Petitioner requests that 1) the Jersey County Sheriff's office be enjoined from destroying any documents and/or effects in its possession; 2) that the order of the Jersey County Court be rescinded; 3) that the Illinois Department of Corrections release Petitioner back into the custody of the Jersey County Sheriff's office; and 4) Jersey County accept the orders of the federal district courts. *Id.*

## **Discussion**

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner has not specified whether he brought this suit pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2254. His initial document describes these proceedings as sounding in habeas corpus, but he also sometimes refers to himself as a "plaintiff" and his most recent request for relief seeks equitable relief against a specific member of the Jersey County Sheriff's Office. However, Petitioner consistently asks for the Court to stay his state court proceedings, and his most recent request is that he be released from IDOC custody. For these reasons, the Court will continue to consider this a habeas action. But the Court must dismiss this action at this time, as Petitioner is not entitled to relief under either § 2241 or § 2254.

When Petitioner filed this action, he had not yet entered a guilty plea or been sentenced. However, since filing, Petitioner has become a convicted prisoner. That renders any relief under § 2241 unavailable to him and to the extent that the Petition is based on that statute, it will be dismissed as moot. *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015).

Even construing Petitioner's pleadings broadly and as arising under § 2254, the case still must be dismissed at this time. Although Petitioner has been sentenced, he currently has a motion to set his guilty plea aside, and a hearing date on said motion. If the trial court were to grant that motion and set aside Petitioner's guilty plea, the criminal matter would clearly be ongoing, and this case would be barred by the *Younger* abstention, which prohibits federal interference, and specifically prohibits granting injunctive relief to halt state proceedings.

*Younger v. Harris*, 401 U.S. 37 (1971); *State v. Haws*, 131 F.3d 1205, 1210 (7th Cir. 1997). That is precisely the relief Petitioner requests. Even Petitioner's request regarding the documents in his criminal case implicates *Younger* because Petitioner has not alleged that injunctive relief regarding the documents is unavailable in the state court, and the documents clearly relate to the investigation and prosecution of his case. *See Palmer v. City of Chicago*, 755 F.2d 560, 575 (7th Cir. 1985) (finding that *Younger* would be implicated by plaintiffs' request for allegedly exculpatory documents where the plaintiffs had ongoing criminal matters). As the Court cannot enjoin the state court proceedings without running afoul of *Younger*, this case must be dismissed at this time.

Even assuming that Petitioner's sentencing concludes the state court proceedings despite his pending motion, the case would still be dismissed. Before a habeas action may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and prejudice for the failure to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review. *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Spreitzer v. Schomig*,

219 F.3d 639, 644-45 (7th Cir. 2000). A prisoner need not pursue all separate state remedies that are available to him but must give "the state courts one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509. Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

Petitioner has not exhausted his state court remedies. In fact, the relief he wants is for the state court to cease acting on his case. Petitioner must litigate his criminal matter in the state courts, and if he believes that his state criminal proceedings violated the Constitution in some way, he must fully present that claim through a complete round of state court review before bringing it in this court.

The Court notes that it is doubtful that Petitioner could proceed in any event. The Petition only vaguely states in a conclusory fashion that there is some sort of constitutional problem with the state court proceeding, but it never identifies the specific problem. Merely concluding that a proceeding is unjust or unconstitutional does not adequately alert the court to a constitutional problem. Petitioner does state that being charged with the highest level crime is cruel and unusual punishment, but that formulation is clearly false because the cruel and unusual punishment clause is concerned with <u>punishment</u>, i.e. the sentence imposed, not the potential sentence. At one point, Petitioner states that he

believes he is entitled to a federal court proceeding because he is an Indiana citizen subjected to an Illinois proceeding. While it is true that <u>in civil matters</u>, citizens of different states may qualify for diversity jurisdiction, there is no corresponding diversity jurisdiction in criminal matters, and criminal defendants have no rights to remove state criminal proceedings to federal court.

## Disposition

The Petition is **DISMISSED without prejudice**. (Doc. 1). Petitioner's Motions seeking an injunction against his state criminal proceedings are **DENIED**. (Doc. 2) (Doc. 7). Any claims brought pursuant to § 2241 are **MOOT**. Any claims brought pursuant to § 2254 are barred by either the *Younger* abstention doctrine or the failure to exhaust state court remedies. Should Petitioner fail to secure relief in his ongoing criminal proceedings or through state court review of those proceedings, it is possible that he may have a viable federal habeas claim at a later date, so this Order does not bar any future habeas relief Petitioner may be entitled to seek.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that

reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000). Both components must be established for a certificate to issue.

Here, the Court finds that no reasonable jurist would find its conclusion on the procedural matter debatable. It also finds that Petitioner failed to articulate a viable constitutional claim. Therefore, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**

Judge Herndon
2018.01.02
15:07:20 -06'00'

**United States District Judge**